The undersigned respectfully dissents from the Opinion and Award by the majority which calculates plaintiff's average weekly wage pursuant to third method of N.C. Gen. Stat. § 97-2(5).
The statute outlines five different methods to calculate the employee's average weekly wage, depending on the circumstances of the employment. The first two methods are inapplicable when the plaintiff has not been employed by the employer for at least fifty-two weeks.
The third method provides that the earnings be divided by the number of weeks and parts thereof which employee earned wages. This method provides for employees who have been working full time for less than a year. The majority concludes that this third method is appropriate in the instant case. I disagree. Using the third method of calculating plaintiff's average weekly wage would be unfair to the employer. Plaintiff worked for defendant-employer on a sporadic basis, and on those occasions, he would work for defendant-employer until a specific task was completed. The Court of Appeals has indicated that in order for the calculation of the average weekly wage to be equitable to both parties, the Commission must "take into consideration both peak and slack periods." Postell v. B DConstr. Co., 105 N.C.App. 1, 4, 411 S.E.2d 413, 417 (1992) (quotingJoyner v. A.J. Carey Oil Co., 266 N.C. 519, 522 (1966). As the third method does not take into account the slack periods, it is inappropriate because plaintiff worked for defendant-employer on an intermittent basis. The fourth method of computing the employee's average weekly is inappropriate because defendant-employer has no similarly situated employees.
Therefore, the fifth "catchall" method of calculating the average weekly wage is appropriate and results in the most fair result for all parties. The amount earned should be divided by 41.29 weeks, the period of time which encompassed all of the work performed. This most nearly approximates the amount which the employee would be earning but for the work injury. Using the fifth method, plaintiff's average weekly wage is $24.82, which entitles plaintiff to the minimum compensation rate of $30.00.
Accordingly, I dissent.
This the ___ day of December, 2005.
 S/ _____________________ BUCK LATTIMORE CHAIRMAN